Gloria Martinez De VOLLD,
Plaintiff-Appellant,

v.

Benjamin F. BAILAR, U. S. Postmaster General, et al., Defendants-Appellees.

No. 76–2295.

United States Court of Appeals,
Fifth Circuit.

March 3, 1978.

Rehearing and Rehearing En Banc
Denied April 3, 1978.

---

James M. Heidelberg, San Antonio, Tex., Vilma S. Martinez, Joel Contreras, Mexican-American Legal Defense & Educational Fund, San Francisco, Cal., for plaintiff-appellant.

John E. Clark, U. S. Atty., Edward M. Johnson, Larry R. Patton, Asst. U. S. Attys., San Antonio, Tex., for defendants-appellees.

Before INGRAHAM, GEE and TJOFLAT, Circuit Judges.

GEE, Circuit Judge:

The present case stems from charges of employment discrimination in the United States Postal Inspection Service. In 1972 the plaintiff, Gloria Martinez De Volld, was one of two Mexican-American clerks at the GS–6 level in the San Antonio domicile office of the Postal Inspection Service. When a third clerk, an Anglo-American, was promoted to a higher position at the GS–7 level, plaintiff lodged an administrative complaint charging that she had not been considered for the position because of her national origin. Several administrative appeals later, the United States Civil Service Commission Board of Appeals and Review found that Ms. De Volld and the other Mexican-American clerk, Marie J. Trevino, had indeed suffered discrimination based on national origin. As a remedy the board ordered that both be promoted to the position in question or to a position of like grade, status and pay in the Postal Inspection Service or in any office of the Postal Service in the San Antonio area. Shortly thereafter the two Mexican-American clerks filed separate suits for enforcement of this decision.

Meanwhile, however, the United States Postal Service requested that the Civil Service Commission reopen the case. The Postal Service did not contest the finding of discrimination but argued that the remedy granted—promotion of *both* Mexican-American clerks—was unauthorized by law, since there had been no finding that either of the two Mexican-Americans would have received the promotion even in the absence of discrimination. The Postal Service argued that such a finding was required for a promotion remedy under the Civil Service's own regulations, 5 C.F.R. 713.271(b).

The district court stayed proceedings pending the Civil Service Commission's reconsideration of its remedy; it also consolidated the plaintiff's suit with that of Ms. Trevino. Upon reconsideration the Civil Service Commission determined that Ms. Trevino, the other Mexican-American clerk, was the best qualified of all three candidates for the disputed position; it thus concluded that she would have received the promotion but for discrimination and awarded her a promotion with back pay as authorized by 5 C.F.R. 713.271(b). As for the plaintiff, Ms. De Volld, the Civil Service Commission in effect determined that the discrimination against her had not deprived her of the position, since she was not the best qualified candidate. The commission did order, however, that she be given priority consideration for the next vacancy for which she was qualified. The Civil Service regulations also authorize this remedy.

Upon being advised by the parties of this disposition by the Civil Service Commission, the district court dismissed the case as moot. From this dismissal plaintiff De Volld appeals.

■ De Volld's appeal is based in large part on the Supreme Court's decision in *Chandler v. Roudebush,* 425 U.S. 840, 96 S.Ct. 1949, 48 L.Ed.2d 416 (1976). In that case the Court held that a federal employee has the same right as a private employee to de novo judicial review in any employment

discrimination suit under Title VII, 42 U.S.C. § 2000e, et seq. (Supp. IV 1970). To establish that Title VII entitles the plaintiff to be made whole by the remedy of promotion, she must show not only discrimination—a point that the Postal Service concedes—but also that the discrimination prevented her from attaining her "rightful place"; that is, she must show that discrimination was a "but for" cause of her nonpromotion.[1] *Franks v. Bowman Transportation Co.,* 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976); *Weber v. Kaiser Aluminum & Chemical Corp.,* 563 F.2d 216 (5th Cir. 1977); *Pettway v. American Cast Iron Pipe Co.,* 494 F.2d 211 (5th Cir. 1974). The plaintiff argues that the Civil Service Commission's determination—that the other Mexican-American clerk was the more qualified candidate—was a determination that discrimination was not a "but for" cause of the plaintiff's nonpromotion. She disputes this administrative determination, arguing that she was in fact the more qualified candidate and that discrimination thus was the cause of her nonpromotion. Moreover, she argues that *Chandler* required the district court to give de novo consideration to this, as to all other elements of her Title VII claim. She urges that the district court failed to apply this *Chandler* requirement, since, she says, in dismissing her case as moot it unquestioningly accepted the administrative determination of the Civil Service Commission.

■ This argument will not bear analysis. It must be kept in mind that only one person could be promoted to the position in question. Both Mexican-American clerks were concededly treated discriminatorily in that both were passed over because of their national origin. But the blunt fact remains that only one of the two—if either—could receive the promotion. When the Civil Service Commission determined that the deserving candidate was Trevino, the other Mexican-American clerk, it became indisputable that whatever discrimination the

---

1. Ms. De Volld has now quit her job with the Postal Inspection Service, but she still claims the back pay she would have received with retroactive promotion, along with the attorneys' fees available to a prevailing party under Title VII.

plaintiff had suffered because of her national origin, that discrimination no longer kept her from the promotion. Put another way, whatever motives the Commission may have had in choosing between two people of the same ethnic origin, discrimination cannot have been among them. We may even suppose for the sake of argument that the Civil Service Commission wrongly decided the question of the candidates' respective qualifications. Any unfairness in the choice between the plaintiff and Trevino cannot have had its source in discrimination based on national origin; this being so, there is no Title VII action.

■ Thus, while the plaintiff might possibly challenge the Civil Service Commission's determination as to her relative merits on some other ground, she cannot do so on the basis of discrimination under Title VII. The plaintiff's Title VII claim entails a showing that her nonpromotion flowed from discrimination based on national origin. Since the Commission's action has made it impossible for her to gain this crucial point and since she has no claim aside from Title VII, the district court could properly regard the case as moot.

The plaintiff wrongly supposes that the district court tacitly accepted the Civil Service Commission's administrative findings in arriving at its determination of mootness. This is not so. The district court did not have to accept these findings or review them in any way but had only to look to the fact of the Commission's award to another Mexican-American—a fact of which it was informed by both parties—to observe that discrimination against Mexican-Americans could not have entered into the final award of the single promotion at issue. Hence, the district court's action did not challenge the plaintiff's right to a de novo trial under *Chandler; Chandler* itself cannot mean that a court must give a plaintiff a de novo trial even when it is clear from the outset that the plaintiff cannot prove a crucial element of his or her case.

We note that we do not deal here with the case in which the Civil Service may decide that, despite discrimination against Mexican-Americans, the Anglo-American is after all the better candidate. Such a, case could require the court to reconsider de novo the issues as to qualifications raised before the administrative body. In such a case the administrative disposition in itself would not have rendered fruitless any attempt to prove discrimination as the "but for" cause of the Mexican-American's treatment. *See Huntley v. Department of Health, Education & Welfare*, 550 F.2d 290 (5th Cir. 1977). But we do not have that case before us now. In this case the administrative award to another Mexican-American removes any possibility that the plaintiff can prove that her situation is due to discrimination against her as a Mexican-American. Nothing could have come of a de novo trial of this claim. Since the plaintiff now asserts no other basis on which the district court may take jurisdiction, we see no reason to overturn the holding of mootness.

■ It may be true that the district court could have retained jurisdiction over the case on the basis of a claim relating not to Title VII discrimination but to the Civil Service Commission's purportedly incorrect decision as to Ms. De Volld's qualifications relative to Ms. Trevino's; indeed the court might have done so even though the plaintiff did not formally invoke jurisdiction over such a claim. *See Mobile Mechanical Contractors Association, Inc. v. Carlough*, 566 F.2d 1213 (5th Cir. 1978). But in general, the burden is on the plaintiff to allege and invoke jurisdiction, and where, as here, there are at best merely fragmentary allegations on which the court might have based jurisdiction, we cannot say it was an abuse of discretion to decline to do so. *Mobile Mechanical Contractors, supra* and cases cited therein; *McGovern v. American Airlines, Inc.*, 511 F.2d 653 (5th Cir. 1975); C. Wright & A. Miller, Federal Practice & Procedure: Civil § 1206; *see also Smith v. United States Air Force*, 566 F.2d 957 [No. 77–2574, (5th Cir. 1978)]; *Southpark Square Ltd. v. City of Jackson, Mississippi*, 565 F.2d 338 (5th Cir. 1977); *Olivares v. Martin*, 555 F.2d 1192 (5th Cir. 1977). We are especially

inclined to this view because the holding of mootness is not a judgment on the merits and, as a nonmerits judgment, it does not bar further action on any matters not actually adjudged. Moore's Federal Practice ¶ 0.405[5]. If Ms. De Volld can assert any other claim, the district court's ascertainment that her Title VII claim is moot does not, of itself, bar her from pressing such a claim in a new lawsuit.

AFFIRMED. .