Helene Smith **WILLSON**
and Arlynra Edward

v.

John W. **SHANNON**, Secretary of the Army, Department of the Army.

Civ. A. No. G–93–051.

United States District Court,
S.D. Texas,
Galveston Division.

July 6, 1994.

Carla Jean Cotropia and Kathryn Dell Ammerman Horner, Mills Shirley Eckel & Bassett, Galveston, TX, for plaintiffs.

Robert L. Bernard, U.S. Attys. Office, Houston, TX, for defendant.

### ORDER ON MOTIONS FOR NEW TRIAL, ATTORNEY'S FEES, INJUNCTIVE RELIEF, AND JUDGMENT

KENT, District Judge.

Plaintiffs Helene Smith Willson and Arlynra Edward brought this action for damages and injunctive relief pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000(e) et seq. After trial before a jury and this Court, the jury found that the Defendant Army had discriminated against the Plaintiffs based on their gender in denying them access to a real estate appraiser's position, and had unlawfully retaliated against them when they complained of this discrimination. Before the Court are the Plaintiff's motions for judgment, attorney's fees, and injunctive relief, and the Defendant's motion for a new trial. The Plaintiff's motions are **GRANTED**, and the Defendant's motion is **DENIED**.

#### New Trial

The Defendant moves for a new trial on the grounds that the Plaintiffs were not entitled to a jury trial or to recover front pay and mental anguish damages. The Army argues that, since the failure to promote which the Plaintiffs complained of occurred prior to the enactment of the Civil Rights Act of 1991 (CRA91), their cause of action is governed by the provisions of the unamended 1964 Act (CRA64). *See Landgraf v. USI Film Prod.,* —— U.S. ——, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994) (holding that CRA91 is not retroactive). Since CRA64 allowed only the equitable remedies of back pay and reinstatement, reasons the Army, these are the only remedies available to the Plaintiffs.

The difficulty of this argument, however, is that it has absolutely nothing to do with the verdict actually returned by the jury, or the law as instructed to the jury. At the time of trial, the rule of *Landgraf* was already the law of this Circuit, and the Court allowed this case to be tried only in accordance with the strictures that law. Specifically, the only issues tried under the provisions of CRA91 in this case were those based on events occurring on or after November 21, 1991—the effective date of CRA91. Following carefully worded instructions and interrogatories, the jury expressly found that the Army had retaliated against the Plaintiffs in violation of Title VII *on or after* November 21, 1991, and awarded front pay and mental anguish damages *only* for the illegal conduct which occurred after that date. These instructions were given without objection by the Army, and the verdict was supported by the evidence. The Army's motion, therefore, is utterly without merit.

■ The frivolity of this argument, however, is quickly exceeded by the Army's next stance. Noting that only one real estate appraiser position had been available for either Plaintiff to fill, and that only one of the Plaintiffs could have obtained the position even in the absence of discrimination, the Army posits that only one Plaintiff should be able to recover damages for discriminatory denial of this position. In other words, the Army apparently feels that a reasonable interpretation of the Civil Rights laws would allow it to discriminate with respect to any given position with impunity for near perpetuity, once it has become liable for discriminating once. The Army cites no authority, policy, or common sense supporting this preposterous position, and this Court feels certain that none can be found. If the Army had denied 27 successive women this position because of their gender, it would have committed 27 separate illegal acts, it would have caused 27 separate injuries, and it would have been liable for 27 damage awards.

Taken by any other party, such an anti-civil rights position would be merely silly. Taken by an agency of the United States of

America, however, the position is frankly repugnant. Indeed, the persistent, dumbfounding insensitivity which the Army even now continues to manifest speaks volumes for why the jury ruled as it did. The Defendant's motion for a new trial is emphatically **DENIED**.

### Judgment and Injunctive Relief

The Court finds that the jury's findings were amply supported by the evidence at trial. To the extent any of the issues submitted to the jury are properly to be decided by the Court, the Court firmly agrees with the jury's findings. Specifically, the Court finds that the Defendant denied the Plaintiffs access to the position of real estate appraiser because of their gender, that the Defendant retaliated against the Plaintiffs when they complained of this discrimination to the EEOC, and that each Plaintiff suffered $43,200 in damages, caused by this unlawful conduct, from the time of the discrimination until the time of trial. The Court will therefore enter judgment in favor of the Plaintiffs in accordance with the verdict and these findings.

Moreover, the Court finds that the course of conduct of the Defendant evidences a continuing threat to the Plaintiffs of discriminatory and retaliatory conduct with respect to the terms and conditions of their employment. The Plaintiffs have requested that this Court permanently enjoin the Defendant from any such conduct and, pursuant to the equitable remedies afforded under Title VII, order preferential placement of the Plaintiffs in positions to become available within the Galveston district office of the United States Army Corps of Engineers. As the Defendant has offered no substantive reasons why these requests should not be granted, they will be, as reflected in the Final Judgment.

The Plaintiffs have also requested an order that the Final Judgment in this case be posted in prominent locations within the Galveston division of the Army Corps of Engineers. The Court is of the opinion, however, that such a posting would generate ill will among the Plaintiffs' co-workers to a degree offsetting any benefits derived therefrom, and accordingly will not issue such an order.

### Attorney's Fees

This Court held a hearing on the matter of attorney's fees on May 4, 1994. For the reasons stated at that time, the Court found the rates as summarized below to be the customary and reasonable hourly rates for civil rights attorneys with the experience and qualifications of Plaintiffs' counsel here. The Court has also reviewed the time sheets and expense reports of Plaintiffs' counsel, and finds the time expended as reflected in Plaintiffs' supplemental applications to have been reasonable and necessary. The Court notes that the Defendant has pointed to no specific items billed to which it objects, and the Court independently finds no items clearly objectionable.

■ Furthermore, the Court observed at the May 4 hearing that it is disinclined to award attorney's fees for time and costs expended by Plaintiff's counsel in defending its fee request. Subsequent research by the Court has revealed, however, that such an award is, in fact, mandatory. *Cruz v. Hauck,* 762 F.2d 1230, 1233–34 (5th Cir.1985); *Johnson v. Mississippi,* 606 F.2d 635, 637–38 (5th Cir.1979). In this case, the policy of such a rule is well substantiated; the Defendant hotly contested the Plaintiffs' fee request, even to the extent of taking an eight hour deposition of one of Plaintiffs' counsel. This contest required an additional 70 hours of effort by Plaintiffs' counsel, forming a major portion of the entire litigation exercise, and this effort was reasonably necessary to defend the Plaintiffs' right to a full recovery under the law. Accordingly, the Court finds that the Defendant is responsible for these expenses.

Having analyzed the factors enumerated in *Johnson v. Georgia Highway Express,* 488 F.2d 714 (5th Cir.1974), however, the Court does not find that a lodestar multiplier is warranted in this case.

In sum, therefore, the Court finds that the following fees, hours, and expenses form a reasonable basis for the fee award in this case:

| Carla Cotropia: | 298.1 hrs @ $250/hr = | $ 74,525.00 |
|---|---|---|
| Kathy Horner: | 360.75 hrs @ $175/hr = | $ 63,131.25 |
| C. Bertini: | 10.75 hrs @ $160/hr = | $ 1,720.00 |
| Van Gundy & Essex: | 236.2 hrs @ $65/hr = | $ 15,353.00 |
| Expenses: | | $ 10,344.43 |
| Total: | | $165,073.68 |

Also, in awarding a civil rights attorney's fee, "[t]he compensation and costs will also include those prosecuting [a] successful appeal." *Panior v. Iberville Parish School Board*, 543 F.2d 1117, 1119 n. 4 (5th Cir. 1976). Based on the Plaintiffs' unrebutted evidence, the Court finds that a reasonable fee for Mr. George Vie to prosecute the appeal of this case, should that be necessary, would be $150 per hour for 40 hours to prepare the briefs, and for an additional 15 hours should oral argument be required.

Accordingly, it is **ORDERED** that the Defendant pay the Plaintiffs, jointly, the sum of $165,073.68 as their reasonable and necessary attorney's fees and costs. In the event that Defendant appeals this judgment, it is **ORDERED** that the Defendant pay the Plaintiffs an additional $6,000 for their appellate attorney's fees. In the event that oral argument is scheduled for any appeal, it is **ORDERED** that the Defendant pay the Plaintiffs an additional $2,250 for these additional attorney's fees.

\* \* \* \* \* \*

If the parties can present to the Court compelling and relevant new evidence or legal authority affecting these issues, which they could not through the exercise of due diligence have presented on original submission of this motion, the parties are, of course, invited to bring these to the Court's attention. Otherwise, the parties are further **ORDERED** to file no further pleadings on these issues, including motions to reconsider and the like. Instead, the parties are instructed to seek any further relief to which they feel themselves entitled in the United States Court of Appeals for the Fifth Circuit, as may be appropriate in due course.

IT IS SO ORDERED.

### FINAL JUDGMENT

This action came on for trial before the Court and a jury, the Honorable Samuel B. Kent, United States District Judge, presiding, commencing on January 24, 1994. The issues having been duly tried, the jury having rendered its verdict, and the Court having rendered its findings and conclusions, it is

**ORDERED** that Plaintiff Helene Smith Willson recover from the Defendant, John W. Shannon, Secretary of the Army, Department of the Army, the following sums:

$43,200 for back pay;

$220,000 for front pay;

$100,000 for mental anguish;

**Pre-judgment interest** on these sums, from the time of trial through today's date, at the rate of 3.5% per annum; and

**Post-judgment interest** thereon at the rate provided by law.

It is further **ORDERED** that Plaintiff Arlynra Edward recover from the Defendant, John W. Shannon, Secretary of the Army, Department of the Army, the following sums:

$43,200 for back pay;

$99,000 for front pay;

$100,000 for mental anguish;

**Pre-judgment interest** on these sums, from the time of trial through today's date, at the rate of 3.5% per annum; and

**Post-judgment interest** thereon at the rate provided by law.

It is further **ORDERED** that the Plaintiffs, Helene Smith Willson and Arlynra Edward, jointly, recover from the Defendant, John W. Shannon, Secretary of the Army, Department of the Army, the sum of $165,073.68 as their reasonably necessary attorney's fees, expenses, and costs, with interest thereon as provided by law.

It is further **ORDERED** that, should the Defendant appeal this judgment, the Plaintiffs, Helene Smith Willson and Arlynra Edward, jointly, shall recover from the Defendant, John W. Shannon, Secretary of the Army, Department of the Army, the sum of $6,000 as their reasonably necessary attorney's fees for preparing the appellate briefs. Should oral argument be required on any such appeal, it is further **ORDERED** that the Plaintiffs, Helene Smith Willson and Arlynra Edward, jointly, shall recover from the Defendant, John W. Shannon, Secretary of the Army, Department of the Army, an addi-

tional sum of $2,250 as their reasonably necessary attorney's fees for preparing and delivering such argument.

It is further **ORDERED** that the Defendant, John W. Shannon, his agents, employees, attorneys, and persons action in concert with him are permanently enjoined from any actions or conduct with respect to the terms and conditions of the Plaintiffs' employment in retaliation for the filing of this action or the recovery of the relief awarded.

It is further **ORDERED** that Plaintiff, Helene Smith Willson, be given priority preference for the next real estate appraiser position that becomes available in the Galveston district office of the United States Army Corps of Engineers.

It is further **ORDERED** that Plaintiff, Arlynra Edward, be given priority placement on the Displaced Employee Program List for the next available position in the Galveston district office of the United States Army Corps of Engineers.

All other claims are **DISMISSED,** and any relief not specifically granted herein is **DENIED.**

**THIS IS A FINAL JUDGMENT.**

**IT IS SO ORDERED.**